IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KATRINA SCRIBER

    Plaintiffs,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

    Defendant.

Civil Action No.: 8::22-cv-02693-GLS

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff Katrina Scriber, in the above-referenced civil action, and files her Response in Opposition to Defendant's Motion for Summary Judgment, and states as follows:

### I.   INTRODUCTION

Defendant Washington Metropolitan Area Transit Authority (WMATA) has moved for summary judgment on the pretext that the Plaintiff simply fell out of her seat in the priority seating area of the bus while the bus was making a right turn.[1] Accordingly, they assert that WMATA is not liable under the "jerk and jolt" doctrine because there is no evidence of "some definite factual incident created by [the sudden movement of the carrier] which shows it to be so abnormal and extraordinary that it can be legally found to have constituted negligence in

---

[1] Defendant's initially filed their motion for summary judgment on October 29, 2024 asserting that the "driver began to turn the bus into a right-hand turn." After counsel for the Plaintiff contacted current counsel for WMATA to remind them that the bus could not make a right turn at the intersection of Kenilworth Avenue at Edmonston Lane (and instead the video shows the bus making a wide right to left-hand turn into Edmonston) an amendment was filed to correct the mistake.

operation." *Allen v. MV Transportation*, 2020 U.S. Dist. LEXIS 163903 at *3-4. A review by undersigned counsel of the original, unedited video that was provided by WMATA on March 30, 2023 via their "Kiteworks" system showed the vehicle making a sharp wide-right to left turn at 25.4 miles per hour, which is what propelled the Plaintiff out of her priority seating, on to the floor, and nearly down the stairwell of the bus.[2] JA_00013 at 12:02:04 - 12:02:54. The edited video of the incident provided by the Defendant in support of their motion, located at JA_00005, omits critical information including the outboard camera views showing the wide right to left turn and relative speeds of the vehicle in real time. JA_00005. Therefore, now with the full, unedited video in support of Plaintiff's opposition it is clear that the fast sharp turn of the bus was the cause of the Plaintiff's fall and of her injuries.

II.     **STATEMENT OF FACTS**

On September 24, 2019, Plaintiff, Katrina Scriber, safely and responsibly boarded WMATA Bus No. T-14 / Coach 6047. JA_00002, ¶1; JA_00009,14:5-12 Plaintiff sat in the front left hand side bench seat behind the driver known as the disabled or senior seating (priority seating). [At the intersection of Kenilworth Avenue and Edmonston Road], suddenly and without warning the driver made a severe [right to] left turn at high speed, causing Plaintiff to fall forward out of her seat and onto the floor where she rolled forward nearly [into] the stairwell, causing injuries. JA_00013 at 12:02:04 - 12:02:54; JA_00010, 18:16-22,19:1-8. The turn was done at 25.4 mph per the unadulterated WMATA video of the incident, presumably to avoid

---

[2] On December 9, 2024, and during the pendency of this motion, counsel for the Defendant finally produced the full unedited onboard video provided as JA_00013. Counsel for the Plaintiff had been accessing it from the cloud via WMATA's 'Kiteworks' system during discovery in the matter and could not download the file for whatever reason from their server. When counsel went to respond initially to this motion it was discovered that the account had been closed and could not access the full unedited video viewed during discovery.

oncoming traffic and to compensate the unusual angle of the intersection. JA_00013 at 12:02:04 - 12:02:54; JA_00014 (Google Maps of intersection). Plaintiff attempted to brace herself as she felt the force of the abrupt turn, but to no avail as she was launched out of her seat. JA_00010, 19:19-22.

### III. MOTION TO DISMISS STANDARD OF REVIEW

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."*Allen v. MV Transportation*, 2020 U.S. Dist. LEXIS 163903 at *2 *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements."*Id. citing Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id*. *quoting Twombly*, 550 U.S. at 570).

Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *Id*. (*citing U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc*., 707 F.3d 451, 455 (4th Cir. 2013) (*quoting Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012))

### IV. LEGAL ARGUMENT

To state a claim for negligence under Maryland law, a plaintiff must assert "(1) that the

3

defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Id. at \*2-3; citing Todd v. Mass Transit Admin.*, 373 Md. 149, 155 (2003). Maryland courts hold common carriers to "the highest degree of care" in operating their vehicles, requiring them "to provide safe means and methods of transportation." *Id at \*3 citing Todd* 373 Md. at 156. The plaintiff bears the burden of proving, under the circumstances, that a common carrier's actions were negligent. *Id. citing Washington Metro. Area Transit Auth. v. Seymour*, 387 Md. 217, 225 (2005).

Under the jerk-and-jolt doctrine, a plaintiff may not state a negligence claim against a common carrier by mere "adjectival description" of a sudden jerk or jolt of a vehicle. *Id. quoting Comm'r of Motor Vehicles v. Balt. & Annapolis R.R. Co.*, 257 Md. 529, 533 (1970)); see, e.g., *Kaufman, by Deutch v. Balt. Transit Co.*, 197 Md. 141, 146 (1951) (providing examples of such insufficient allegations, including "terrific jolt," "very terrible—very severe jerk or jolt," and "unusually hard jerk"). But, in the absence of direct evidence of the cause of a jolt or sudden movement, a plaintiff may state a claim by showing "some 'definite, factual incident' created by [the sudden movement of the carrier] which shows it to be so abnormal and extraordinary that it can be legally found to have constituted negligence in operation." *Id. citing Seymour*, 387 Md. at 225 (quoting *Comm'r of Motor Vehicles v. Balt. & Annapolis R.R. Co.*, 257 Md. at 533).

Definite and factual incidents that may be sufficient to state a claim, particularly in combination with some alleged failure of care on the part of the driver, include unusual or extraordinary effects upon other passengers; spontaneous shouts of excitement from other passengers; physical damage to the vehicle or to the personal property of passengers; or the plaintiff's being propelled an unusual distance. *Id. quoting. Comm'r of Motor Vehicles,* 257 Md.

4

at 533; *see also Balt. Transit Co. v. Sun Cab Co.*, 210 Md. 555, 562 (1956) (sudden stop resulted in throwing passengers back and forth); *Balt. Transit Co. v. Pue*, 243 Md. 256, 260-62 (1966) (falling with sufficient force for driver to hear the impact and fear for passenger's safety after driver failed to keep a proper lookout); *United Rys. & Elec. Co. of Balt. v. Phillips*, 99 A. 355, 356 (Md. 1916) (sudden jerk caused passengers to scream).

    **A.**    **Making a Right to Left Hand Turn At Relatively High Speed For The Road Conditions Constitutes An Abnormal And Extraordinary Event Constituting Negligence.**

In the present case, as stated previously, the unadulterated video has the real time speeds of the vehicle prior to and after the injury occurred as it made its way along Kenilworth Avenue and on to Edmonston Lane. JA_00013 at 12:02:04 - 12:02:54. It also contains multiple inboard and outboard views, also in real time, and shows the abrupt right-to-left turn the bus made at relatively high speed for the conditions and angle of the intersection. Id.; JA_00014. The driver, for whatever reason, turned the bus to the right and then quickly to the left while making the turn onto Edmonston Lane, all while traveling over 25 mph. Id. In doing so he actually went out of the turn only lane and halfway into the left hand travel lane and then swung the bus hard left. Id. In addition, you can actually see the bus speed up quickly as it approaches the intersection on the dash cam view, presumably to beat the oncoming vehicle coming in the opposite direction at the intersection. JA_00013 at 12:02:20. The unedited video showing the multiple views is unequivocal evidence of the negligence of the Defendant.

    **B.**    **Plaintiff Was Propelled An Unusual Distance From Her Priority Seating Position.**

As the caselaw clearly shows, in the absence of the common carrier vehicle actually negligently striking anything which this case falls into, the burden then falls on the Plaintiff to

produce some evidence that there were "spontaneous shouts of excitement from the other passengers or the plaintiff's being propelled and unusual distance" *Retkowsky v. Baltimore Transit Company*, 222 Md. 433 (1960).  While the Supreme Court in *Retkowsky* did not define what being "propelled an unusual distance" was, it did infer that it would have to be more than getting turned around and thrown in a seat on by a jerking trolley car. *Id*.

In the present case, the relatively high speed right to left turn done by the driver of the bus in this case lifted the Plaintiff from her priority seating and threw her to the floor where she slid several feet across the floor and nearly into the stairwell. JA_000013 at 12:02:04 - 12:02:54. Plaintiff attempted to brace herself as she felt the force of the abrupt turn, but to no avail as she was launched out of her seat. JA_00010, 19:19-22.  Therefore, summary judgment should be precluded.

### IV.   CONCLUSION

For all of the foregoing reasons, the Defendant's Motion for Summary Judgment must fail. Plaintiff respectfully requests that Defendant's Motion for Summary Judgment be denied. Plaintiff also requests all other and further relief to which she may be justly entitled.

        Respectfully Submitted,

        **LAW OFFICE OF BARRY R. GLAZER, LLC**

By:    /s/  
    Robert E. Joyce (#26427)  
    P.O. Box 27166  
    1010 Light Street  
    Baltimore, Maryland 21230  
    Phone:  (410) 547-8568  
    Fax:     (410) 547-0036  
    E-mail:  RJoyce@barryglazer.com

    Attorneys for Plaintiff

7