IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **KATRINA SCRIBER,** | |
| Plaintiff, | |
| v. | **Civ. Case No. GLS 22-2693** |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO SUBSTITUTE PARTY

Pending before the Court[1] is "Plaintiff's Motion to Substitute Party Pursuant to Rule 25(a)(1)" ("Motion") filed by the Plaintiff. (ECF No. 67). Defendant Washington Metropolitan Area Transit Authority ("Defendant") filed an Opposition, and exhibits appended thereto. (ECF Nos. 68, 68-1, 68-2). The matter has been fully briefed; accordingly, the Court finds that no hearing is necessary to resolve the Motion. *See* Loc. R. 105.6 (D. Md. 2025).

In Maryland, "[i]t is well-settled . . . that a cause of action [in existence] at the time of death survives the death of a person." *Jones v. Prince George's County*, 541 F. Supp. 2d 761, 764 & n. 6 (D. Md. 2008) *aff'd,* 355 F. App'x 724 (4th Cir. 2009); *see also* Md. Code Ann., Cts. & Jud. Proc. §6-401. Relatedly, the law is clear that a personal representative of a decedent can pursue a survival action. *Dembeck-Weiss v. United States*, Civ. No. CCB 06-3206, 2007 WL 1657418, at *6 (D. Md. May 21, 2007).

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of this Court to conduct all further proceedings in this case, to include through trial, entry of final judgement, and resolution of post-judgment proceedings. (ECF No. 8).

As a preliminary matter, the Court agrees with the Defendant that Plaintiff has failed to set forth facts (e.g., via a declaration or a court order) establishing that Kevin E. Scriber, II, is the Personal Representative of the estate of the decedent who may be substituted as a proper party. However, the Court finds that the Defendant has provided sufficient information, from which the Court may take judicial notice,[2] that Kevin E. Scriber was appointed to serve as Personal Representative of the "Small Estate of Katrina Scriber." *See* ECF No. 68-2. Accordingly, the Court finds that Personal Representative Scriber has the power to purse the instant negligence claim "in [this] jurisdiction for the protection or benefit of the estate." *See, e.g.*, Md. Code Ann., Est. & Trusts § 7-401(y).

The Court has reviewed Fed. R. Civ. P. 25(a), considered the arguments set forth in the Motion and Opposition, and analyzed the relevant caselaw cited therein. Pursuant to Fed. R. Civ. P. 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order the substitution of the proper party." Rule 25(a)(1) also makes clear that a motion for substitution of a deceased party may be made by any party to the action. *See* Fed. R. Civ. P. 25(a), Advisory Committee Note to the 1963 Amendment (any party or the representative of the decedent may make a motion to substitute).

In the instant case, the parties do not dispute that they had knowledge of Ms. Katrina Scriber's death by no later than April 2025. *See* ECF Nos. 60, 68. However, neither party has filed a suggestion of statement of death. There is nothing in the plain language of Rule 25 that requires the statement of death to be filed by a certain time, nor to be filed before a motion for substitution is made. *Morris v. Santander Bank, N.A.*, Civ. No. 3:16-12742, 2017 U.S. Dist. LEXIS 186908,

---

[2] *See* Fed. R. Evid. 201(b)(2); *see also Hughes v. Freightliner, LLC*, No. 7:04CV00309, 2006 WL 1842997, at *1 (W.D. Va. June 29, 2006)

*2–3 (S.D. W.Va. 2017); *Ramos-Sanchez v. First Transit, Inc.*, Civ. No. CBD 19-389, 2021 WL 2550504, at *3 (D. Md. Jun. 21, 2021) (Rule 25 "does not require a statement of suggestion of death [to be filed before] a substitution motion"). The Court declines to deny the Motion on this basis.

Finally, having reviewed the Motion, the Court finds unpersuasive Defendant's argument that Kevin E. Scriber, II, does not intend to act as the Personal Representative.

Accordingly, it is this 10th day of September 2025, hereby **ORDERED** that:

1. The Motion (ECF No. 67) is **GRANTED**;

2. The Clerk of the Court is directed to amend the case caption to reflect the substitution of Kevin E. Scriber, Personal Representative of the Small Estate of Katrina Scriber, as Plaintiff in this matter.

/s/
The Honorable Gina L. Simms
United States Magistrate Judge